Opinion of the Court.
Kirkpatrick C. J.
From the return made to this writ, it appears, that on the 13th of January 1817, a judgment was entered by this justice, in an action wherein the said Robert Sleght was plaintiff and Moses Meeker and Denman Meeker defendants, for the sum of 42 dollars and 63 cents, debt, and 53 cents, costs, upon the confession of Moses Meeker, one of the defendants only, and in the absence of Denman Meeker, the other defendant; and that without any state of demand filed, or witness sworn; though from the very careless and imperfect manner in which that judgment is entered, it is doubtful whether it was in *652 tended to be against both the defendants or against Moses only, (a)
That on the 14th of May 1817, the said Denman Meeker, one of the said defendants, being actually imprisoned for debt in the common gaol of the county of Essex, was discharged from *his said imprisonment under the insolvent laws of this state, by the judges of the Inferior Court of Common Pleas of the said county.
That on the 12th of January 1818, an execution was issued upon the judgment above stated, and put into the hands of a constable who thereupon took the body of the said Denman Meeker, and delivered him to the keeper of the common gaol of the said county of Morris, of which said county the said David Mills was then the sheriff. That the said David Mills, who is the defendant here, upon the production of the said discharge by the said Denman Meeker, supposing, probably, that his person could not lawfully be imprisoned for any debt due before the date of the said discharge, did not detain him in prison, but suffered him to go at large ; and for this cause this action is brought.
Upon the trial, the defendant called upon the justice to declare the law to the jury, and to charge them that Denman Meeker, upon the case made out as above stated, could not lawfully be imprisoned upon the said execution, and that therefore the said sheriff was justifiable in letting him go at large, and was not liable to an action therefor. But the justice refused so to charge, and left the whole matter to the jury.
That it is the office of the justice to declare the law, is very certain, but if he should be moved to declare that to be the law which is not so, and he should refuse, the party has no advantage. (b) The motion in this case, then, and the refusal of the justice, raise the question here, whether the said Denman Meeker could lawfully be so im *653 prisoned, and whether the sheriff was justifiable in letting him go at large.
And upon this, it may be said generally, that an executive officer to whom process is directed by a court, having jurisdiction of the subject matter, is to execute that process without inquiring into the regularity or irregularity, either of the process itself or the judgment upon which it is founded, (a) Many cases may happen, and many cases do actually happen, in which a discharge of this kind, how perfect soever in form, could not be pleaded, or if pleaded, could not avail the party pleading it. To say therefore that the sheriff or other executive officer, upon the mere inspection of it, should at all times give it operation in this way, would be laying down a rule quite too broad. Such discharge is indeed, in most cases a good defence against the imprisonment *of the body, but then like all other defences, it must be regularly pleaded before a judicial tribunal having cognizance of the case. We cannot say therefore, upon general principles, that Den-man Meeker could not lawfully be imprisoned upon this execution, or that the sheriff was strictly speaking justifiable in letting him go at large. In order to obtain the benefit of his discharge, the defendant should have summoned the plaintiff to appear before the justice to shew cause &c. (b)
But notwithstanding this proceeding of the sheriff, singly considered, may not. have been lawful, yet as this court, in the exercise of its high superintending powers over these inferior jurisdictions, is not merely to correct errors, technically speaking, but to inspect the whole proceeding and to see that justice is rendered according to law; and as there was certainly, in this case, no valid judgment if a judgment at all, against Denman Meeker to justify this execution, that judgment having been entered upon the confession of Moses Meeker only; (c) and as, moreover, the said Denman Meeker had no opportunity of plead *654 ing his discharge against the issuing of the said execuso that the justice of the thing is plainly with him ; and aSj therefore, it would be unjust to suffer the plaintiff to extort money from the said sheriff upon so rotten a foundation ; therefore, without yielding to the suspicion of fraud and imposition, so manifest upon the whole transaction, for these causes,
Let the judgment be reversed.

 See Schuyler vs. McCrea, 1 Har. 248. Bordine vs. Service, 1 Har. 47. McMurtrie ads. Doughten, 4 Zab. 252.

 Pullen vs. Boney, 1 South. 131. Broadwell vs. Nixon, 1 South. 362. Westcott vs. Danzenbaker, 1 Hal. 132. Bellis vs. Phillips, 4 Dutch. 125. Ayres vs. Van Lieu, post 767. Rodenbough vs. Rosebury, 4 Zab. 493. Graham vs. Whitely, 2 Dutch. 255.

 Woodruff vs. Barret, 3 Gr. 40. Chadwick vs. Reeder, 4 Har. 156. Mangold vs. Thorpe, 4 Vr. 134. Elmer vs. Burgin, Pen. *191.

 State vs. Ward, 3 Hal. 120. Kirby vs. Garrison, 1 Zab. 179. Ackerman vs. Van Houten, 5 Hal. 332. Jay vs. Slack, 1 South. 77.

 Little vs. Moore, 1 South. 75.